IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DAVID WILLIAMS                                                                              PLAINTIFF
ADC# 78730

v.                               Case No. 2:10-cv-57-DPM

WALLACE McNARY, LORETTA MICHAEL,
MOSES JACKSON, and GREG HARMON                                            DEFENDANTS

ORDER

The Court has considered Magistrate Judge H. David Young's Proposed Findings and Recommendations — to which David Williams filed a response that does not object to the recommended disposition but repeats why Williams is entitled to injunctive relief, *Document No. 30*. Having reviewed the recommendation for clear errors of fact, FED. R. CIV. P. 72(a), and any errors of law, the Court adopts Magistrate Judge Young's proposed findings and recommended disposition, *Document No. 25*.

In August 2010, Williams filed a motion for preliminary injunction, which stated that prison staff confiscated legal papers in the seven cases that Williams was or is prosecuting. Williams claimed Arkansas Department of Correction retaliated for his "success in winning #5:05CV048[.]" *Document No. 15, at 2.*

ADC responded that when Lieutenant Gibson "performed a Fire and Safety audit at the Varner and Varner Supermax facilities . . . she observed eleven boxes of paperwork being stored underneath [Williams's] rack." *Document No. 17, at 1*. Prison staff confiscated the papers because they were deemed a fire and safety risk. ADC told Williams that he could keep some papers in a footlocker but that he would have to mail the rest of them to someone. According to ADC, the footlocker assigned to Williams is large enough to accommodate the court papers he needs to pursue his active cases. In any event, said ADC, its policy against Williams keeping eleven boxes of paper inside his cell is a good one for many reasons and trumps any perceived right to keep them there. *Document No. 17, at 5–7*.

The Court agrees with Magistrate Judge Young that "ADC must allow [Williams] to keep and have access to all pleadings and exhibits in this case." *Document No. 25, at 3*. The Court also agrees with what is implicit in Magistrate Judge Young's recommendation and ADC's response to the motion: there are limits on Williams building and maintaining his legal-papers collection while he is a prisoner. Because Williams's right to store court papers must be balanced against ADC's fire and safety concerns, he

2

must decide which papers he wants to keep inside his assigned footlocker.

Williams does not dispute that he has been given the option of mailing his papers to someone rather than having them destroyed. If Williams thinks that he is impaled on a Morton's Fork by having to choose between mailing legal materials to someone (an act he says he cannot afford) or having them destroyed by ADC, then he may — as Magistrate Judge Young observed — "file a separate lawsuit regarding that issue." *Document No. 25, at 3 n.1.*

The Court therefore grants Williams's motion, *Document No. 15,* in part and denies it in part. Williams must be allowed to keep and access any court paper that has been or will be filed in this case. The Court expresses no opinion, however, on access-to-legal-paper issues that do not directly relate to this case.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

22 Nov. 2010

3