IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

DAVID WILLIAMS                                                                                           PLAINTIFF
ADC #78730

V.                                        NO: 2:10CV00057 DPM/HDY

WALLACE McNARY *et al.*                                                                        DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

>    3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on April 26, 2010. Defendants are Sgt. Wallace McNary, CO Loretta Michael, Capt. Moses Jackson, and Warden Greg Harmon, all of the ADC's East Arkansas Regional Unit.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on March 28, 2011, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id.* at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-2

(1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

  1.  On September 1, 2007, McNary delivered mail to Plaintiff. When McNary opened a large envelope addressed to Plaintiff from the United States Court of Appeals for the Eighth Circuit, he found two empty bullet casings. On September 4, 2007, McNary wrote Plaintiff a disciplinary citation, alleging several rules violations in connection with the bullet casings.[1] According to Plaintiff, the disciplinary charge was written on the orders of Jackson and Harmon, who returned to work on that date after a holiday weekend.[2] The charge was dismissed on September 8, 2007, after a disciplinary hearing. On September 13, 2007, Michael wrote Plaintiff a disciplinary charge related to alleged contraband and state property destruction or misuse.[3] Michael discovered alleged problems when she was searching Plaintiff's property prior to returning it to him following his release from isolation after the McNary disciplinary charge was dismissed. Plaintiff asserts the search was ordered by Jackson, and was in retaliation for successfully challenging the McNary disciplinary.

  2.  Retaliation for exercising constitutional rights is actionable. *See Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam) (otherwise proper acts are actionable under § 1983 if done in retaliation for grievances filed under established prison grievance procedure); *Sanders v. St. Louis County*, 724 F.2d 665, 666 (8th Cir. 1983) (inmate's constitutional right to

---

[1] Plaintiff provided a copy of the disciplinary form with his complaint (docket entry #2, page #31).

[2] Jackson is listed as the reviewing officer on the disciplinary form.

[3] Plaintiff provided a copy of the disciplinary form with his complaint (docket entry #2, page #58).

access courts cannot be impaired, directly or indirectly, in retaliation for filing lawsuits).

       3.      Although Plaintiff concluded that both disciplinary actions were retaliation for his exercising constitutional rights, the facts Plaintiff introduced do not support that conclusion. Plaintiff testified only generally that he had named Defendants in earlier grievances, and that the retaliation was a result of a "snowball effect" of the previous grievances he filed.[4] Although Plaintiff's testimony was nonspecific as to grievance dates and numbers, Plaintiff's complaint cites a grievance naming McNary filed more than two months before the McNary disciplinary charge (docket entry #2, page #10). Plaintiff's complaint cites grievances pertaining to Michael, EAM-06-1137, and EAM-07-381, which were filed in August of 2006, and February of 2007 (docket entry #2, pages #16, #18, #44, & #49).[5]

There is no dispute that Plaintiff received empty bullet casings in the mail. Although the casings were sent to Plaintiff by mistake, the disciplinary charge was directly related to that event, and Plaintiff's vague assertions and speculation that prior grievance activity was the reason for the charge does not provide the factual basis required to advance his claims to a jury trial.[6] Likewise, a search of Plaintiff's personal property as he is returning from isolation does not provide evidence

---

[4]Plaintiff testified that he had previously filed grievances against Defendants related to an alleged denial of yard call, and their failure to accede to his demands to be cuffed in the front, rather than the rear. Plaintiff's claims regarding restraints are addressed in *Williams v. Bradley et al.,* 5:05CV10, where the Court of Appeals affirmed the District Court's dismissal of Plaintiff's complaint. The denial of yard call is addressed in *Williams v. Harmon et al.*, ED/AR No. 2:09CV44, where it was determined that Plaintiff voluntarily elected to not go to yard call, despite having an opportunity to do so.

[5]Plaintiff's complaint also cited a civil rights lawsuit he filed on August 6, 2007, *Williams v. Harmon et al.*, ED/AR No. 2:07CV114, but that case was dismissed without being served on the Defendants (docket entry #2, page #21).

[6]In his complaint, Plaintiff asserts that Defendants' actions were retaliation for "years" of seeking redress for wrongs (docket entry #2, page #24).

of retaliation.  Conclusory allegations of retaliation based largely on grievances or lawsuits filed months or even years before the challenged actions, do not constitute facts sufficient to create a fact issue to be submitted to a jury.  *See Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996) (inmate claiming retaliation is required to prove actual motivating factor for adverse action was as alleged); *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam)(allegations of retaliation must be more than speculative and conclusory).  Accordingly, Plaintiff has failed to introduce sufficient evidence to create a fact issue to be submitted to a jury, and his complaint should be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   1   day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE